**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| IN RE: ) | |
| Hugo Navarro ) | CASE NO. |
| Sheri Lynn Navarro ) | CHAPTER 13 |
| Debtor(s) ) | |

## CHAPTER 13 PLAN

[X] Original                                                                                  [ ] Modified

### A. PLAN PAYMENTS

1. Debtor(s) will make payments as follows:
   In the amount of **$1,085.00** per **Month** beginning **August 2016.**
   The Base Amount is **$39,060.00.**

2. Debtor(s) estimates the Plan length of **36** months. **The payments will commence not later than 30 days from the date the Voluntary Petition was filed.**

3. **Debtor(s) will pay all statutory adequate protection payments thru the Trustee's office.** As such, provided the Debtor(s) begins the required payments to the Trustee, adequate protection will begin at confirmation unless otherwise ordered by the Court.

4. Debtor(s) will turnover copies of federal and state returns each year of the Plan to the Trustee.

5. Debtor(s) shall keep $750.00 of their tax refund and any Earned Income Credit and Additional Child Tax Credits. That each of the first three (3) years Debtor(s) shall turnover any amount in received excess of these amounts.

6. To meet the best interests of creditors test or the means test, the Debtor(s) shall include in the plan payment to Trustee a **Pro-rata Share** of which shall be paid:
   First to the Class Seven Priority Claims
   The balance, if any, shall be paid to the Class Nine General Unsecured Creditors

### B. DISBURSEMENTS BY TRUSTEE

1. **CLASS ONE – ADMINISTRATIVE EXPENSES:**
   a. *Trustee fees* as determined by statute.
   b. *Attorney fees and costs:* Attorney's fees will be paid after Class Two, Four, and Five monthly payments are post-petition current. That the Attorney's fees shall be paid before any payments toward pre-petition mortgage arrearage (Class 3), and before any payments toward unsecured priority (Class 7) and non-priority creditors (Class 8 & 9).
   [X] An agreed fee of **$3,400.00** less amounts paid as disclosed in the Rule 2016(b) Statement, leaving a balance due of **$3,400.00**.

2. **CLASS TWO -- CONTINUING CLAIMS:** Those secured claims on which the last payment is due beyond the length of the Plan [11 U.S.C. §1322(b)(5)]. Trustee shall commence payments as of the date of filing of the petition unless proof of claim provides for a later date. To the extent such claims are non-modifiable pursuant to 11 U.S.C. §1322(b)(2), the Trustee shall adjust the monthly payment to such creditors after notification by the mortgage holder. This class will be paid their monthly payment pro-rata with the Class Four Secured Claims.

| CREDITOR | ADDRESS OF COLLATERAL | MONTHLY PAYMENT |
|---|---|---|
| *Cenlar* | *2240 Parke St., Lake Station, IN 46405* | *$888.42 beginning Sept. 2016* |

3. **CLASS THREE – PRE-PETITION ARREARAGE ON CONTINUING CLAIMS 11 U.S.C. §1322(B)(5):**
   To the extent the claim and Plan conflict, the Trustee shall pay the allowed Proof of Claim. This class will be paid pro-rata after Classes One, Two, Four, and Five.

   | CREDITOR/COLLATERAL | ADDRESS OF COLLATERAL | ESTIMATED ARREARS AMOUNT | INTEREST RATE IF MORTGAGE PRIOR TO 10/1994 |
   |---|---|---|---|
   | | | | |

4. **CLASS FOUR – SECURED CLAIMS SUBJECT TO CRAM DOWN:** Class Four creditors shall be paid the replacement value of their collateral, retain their lien until discharge and shall be paid a monthly payment pro-rata with the Class Two continuing claims and Class Five secured claims. To the extent that the proof of claim filed and confirmed Plan conflict, the Trustee shall pay the claim pursuant to the Plan provisions with the remaining amount under the claim treated as a Class Nine Unsecured Claim.

   | CREDITOR | VALUE | INTEREST RATE | MONTHLY PAYMENT |
   |---|---|---|---|
   | | | | |

   **FAILURE TO OBJECT TO THIS TREATMENT OF CLASS FOUR CLAIMS WILL BE DEEMED ACCEPTANCE OF THIS PLAN PROVISION AS TO VALUE, PAYMENT, AND % RATE.**

5. **CLASS FIVE – 1325(A)(9) SECURED CLAIMS:**
   a. **SECURED CLAIMS NOT SUBJECT TO CRAM DOWN PURSUANT TO 1325(A)(9):**
   Class Five creditors shall be paid the principal amount of their claim, estimated below, retain their liens until discharge and shall be paid a monthly payment pro-rata with the Class Two and Class Four continuing claims.

   | CREDITOR | EST. BALANCE | INTEREST RATE | MONTHLY PAYMENT | |
   |---|---|---|---|---|
   | | | | $ | *per month pre conf.* |
   | | | | $ | *per month post conf.* |
   | | | | $ | *per month pre conf.* |
   | | | | $ | *per month post conf.* |

   **FAILURE TO TIMELY OBJECT TO THE ESTIMATED BALANCE IN CLASS FIVE (A) IS NOT DEEMED ACCEPTANCE OF THAT VALUE AS THE TRUSTEE WILL PAY THE CLAIM AS FILED AND ALLOWED.**

6. **CLASS SIX – SECURED CREDITORS – LIEN AVOIDED:** Class Six creditors were secured at one time, but because of the rationale given below, upon confirmation the lien is avoided, the claim becomes WHOLLY UNSECURED and paid as a Class Nine General Unsecured Claim.
   a. **JUDICIAL LIENS:** To the extent that the judicial liens impair the exemptions to which the Debtor(s) is entitled, the following lien holders are notified that Debtor(s) shall file a separate action to void the judicial liens below pursuant to 11U.S.C. §522(f)(1)(A) and such creditors shall not have a secured claim against the estate, but instead, shall only have a Class Nine Unsecured Claim which must be timely filed to be allowed.

   | COURT | CAUSE NO. | LIEN HOLDER | AMOUNT | DATE OF JUDGMENT |
   |---|---|---|---|---|
   | | | | | |

b. **PREFERENTIAL JUDICIAL LIENS:** To the extent that the above judicial lien has been incurred within 90 days of the filing of this Bankruptcy Petition, the following lien holders are notified that the Debtor(s) shall file a separate action to void the judicial liens below as a preference and such creditors shall not have a secured claim against the estate, but instead, shall only have a Class Nine Unsecured Claim which must be timely filed.

| COURT | CAUSE NO. | LIEN HOLDER | AMOUNT | DATE OF JUDGMENT |
|---|---|---|---|---|
|   |   |   |   |   |

c. **NON-PURCHASE MONEY LIENS:** To the extent that non-purchase money liens impair the exemptions to which the Debtor(s) is entitled, the following lien holders are notified that upon discharge, all of the lien holders listed below are a voided claims against the estate, but instead, shall only have a Class Nine Unsecured Claim which must be timely filed to be allowed.

| LIEN HOLDER | ACCT. NO. COLLATERAL | TYPE OF ACCOUNT | AMOUNT |
|---|---|---|---|
|   |   |   |   |

d. **STRIPPED AND VOIDED LIENS:** To the extent that the value of the Creditor's interest in the collateral is $0.00, the secured status of the claim of the creditor listed below, shall be, upon discharge, completely stripped away by §506(a), voided by §506(f) and, pursuant to §1327(c), the Debtor's property shall be free and clear of all said pre-petition liens listed below and said creditors shall only have a Class Nine Unsecured Claim which must be timely filed to be allowed.

| LIEN HOLDER | CITY/COURT COUNTY RECORDED | CAUSE OR MORTGAGE ACCOUNT NUMBER | JUDGMENT OR MORTGAGE DATE | JUDGMENT OR MORTGAGE AMOUNT |
|---|---|---|---|---|
|   |   |   |   |   |

7. **CLASS SEVEN – PRIORITY UNSECURED CLAIMS §1322(A)(2):** All allowed priority claims entitled to priority under 11U.S.C. §507 shall be paid in full during this Plan. This class will be paid pro-rata after Class Three Secured Claims are paid in full.

| CREDITOR | ESTIMATED AMOUNT |
|---|---|
| *Internal Revenue Service* | *$2,000.00* |

8. **CLASS EIGHT – SPECIAL UNSECURED CLAIMS:** Class Eight claims shall be paid in full and concurrently with Class Seven Priority Unsecured Claims.

| CREDITOR | AMOUNT | REASON FOR SPECIAL TREATMENT |
|---|---|---|
|   |   |   |

9. **CLASS NINE – GENERAL UNSECURED CLAIMS:** General unsecured claims shall be paid a pro-rata minimum of <u>Pro-rata share</u>.

C. **EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES [11 U.S.C. §1322(b)(7) AND 11 U.S.C. §365]**

   1. **CONTINUING, POST-PETITION OBLIGATIONS TO BE PAID DIRECTLY BY THE DEBTOR(S) TO THE CREDITOR:**

   CREDITOR        COLLATERAL     ASSUME/REJECT        REGULAR PAYMENT        CONTRACT EXPIRATION DATE

   2. **PRE-PETITION OBLIGATIONS TO BE PAID BY CHAPTER 13 TRUSTEE:**

   CREDITOR        COLLATERAL              IF ASSUMED, AMOUNT OF DEFAULT        MONTHLY PAYMENT TO CURE

   Those executory contracts and/or unexpired leases not listed herein are rejected. The automatic stay shall be lifted upon confirmation of the Plan with respect to any rejected executory contracts and/or unexpired leases assumed that is to be paid directly by the Debtor(s).

D. **PROPERTY SURRENDERED & ABANDONDED**

   1. **SURRENDER OF COLLATERAL:** The Debtor(s) will surrender Debtor's interest in the following collateral securing each allowed secured claim filed by the following creditors. After surrender of the collateral such creditors' deficiency, if any, after liquidation of the collateral, will be paid as an unsecured claim under the provisions for general unsecured creditors if such creditor amends its secured claim to as unsecured claim for such deficiency. Upon entry of the order confirming this Plan, the automatic stay imposed by 11 U.S.C. §362(a) shall be terminated pursuant to 11 U.S.C. §362(d) and the property listed below abandoned from the estate.

      CREDITOR                                COLLATERAL

   2. **ABANDONMENT OF COLLATERAL:** The Debtor will abandon debtor's interest in the following collateral securing each allowed secured claim filed by the following creditors. After abandonment of the collateral such creditor's deficiency, if any, after liquidation of the collateral, will be paid as an unsecured claim under the provisions for general unsecured creditors if such creditor amends its secured claim to an unsecured claim for such deficiency. Upon the entry of the order confirming this Plan, the automatic stay imposed by 11 U.S.C. §362(a) shall be terminated pursuant to 11 U.S.C. §362 (d) and the property listed below abandoned from the estate.

      CREDITOR                                COLLATERAL

E. **GENERAL PROVISIONS**

   1. **Other provisions:** *__Should the Debtors realize anything from the judgment against Mark & Teresa Rodriguez, Debtors will turn over to the Trustee an amount equal to that which unsecured creditors would have received had this been filed as a Chapter 7 case for the benefit of unsecured creditors in this case.__*

   2. If the Debtor's Plan extends beyond the thirty six (36) months and the Debtor(s) requests a payoff of the Chapter 13 Bankruptcy from the Trustee after the thirty sixth (36th) month, the payoff shall be reduced by the remaining regular monthly mortgage payments and remaining balance on the mortgage arrearage.

   3. **Vesting, Possession of Estate Property and Lien Retention:** Upon confirmation of the Plan, all property listed in the Debtor's schedules will vest in the Debtor(s) [11U.S.C. §1327(b)]. The Debtor(s) will remain in possession of all property of the estate during the pendency of this case unless specifically provided herein [11 U.S.C. §1306(b)]. All secured creditors shall retain the liens securing their claims unless otherwise stated.

4. **Debtor's Causes of Action:** Debtor(s) will file a Motion to Hire Counsel and Motion to Compromise for all causes of action held by the Debtor(s).

5. **Surrender of Abandonment of Collateral:** Upon confirmation, the automatic stay is lifted as to any collateral treated as surrendered or abandoned.

6. **Prohibitions against Incurring Post-Petition Debt:** While this case is pending, the Debtor(s) will not incur debt without first obtaining approval from the Court or Trustee.

7. **Proof of Claims Required for Distribution:** To receive distributions from the trustee under this Plan **all creditors, including holders of secured claims,** must file a proof of claim with the bankruptcy court.4

8. **Debtor duty to Maintain Insurance:** Debtor(s) will maintain all insurance required by law and contract upon property of the estate and the Debtor's property.

9. **Entry of Orders Lifting Stay:** Upon entry of order lifting stay, no distributions shall be made to the secured creditor until such time as an amended deficiency claim is filed by such creditor.

10. **Secured Claims will be paid the value listed in the Plan or the value of the collateral listed in the proof of claim – whichever is less.**

11. **It is the Debtor's intent to provide for every claim,** unless specifically stated otherwise. Unless the claim is set forth specifically in this Plan as an secured claim, the Debtor(s) purposely classifying the claim as unsecured and it will be treated as an unsecured claim despite the belief that it is a secured claim. Accordingly, the creditor must either timely object to confirmation of this Plan, or be deemed to have accepted this Plan's treatment of the Claim as provided herein.

12. Debtor reserves the right to object to a Proof of Claim during the pendency of this case including a Post Confirmation objection.

Date: 7-19-16

_____
Hugo Navarro

_____
Kevin M. Schmidt, Attorney for Debtor(s)

_____
Sheri Lynn Navarro